Filed 4/5/23  P. v. Garcia CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ELIAS GARCIA,<br><br>        Defendant and Appellant. | C093543<br><br>(Super. Ct. No. 10F06795)<br><br>OPINION ON TRANSFER |

A jury found defendant Elias Garcia guilty of murder and found true a special circumstance enhancement that the murder occurred during the commission of an attempted robbery.  Defendant filed a petition for resentencing under Penal Code[1] section

---

[1] Undesignated statutory references are to the Penal Code.

1172.6[2] alleging he was not the actual killer, did not have the intent to kill, and was not a major participant who acted with reckless indifference to human life. The trial court denied the petition for two reasons: (1) the jury's special circumstance finding rendered defendant ineligible for resentencing, and (2) our opinion in defendant's direct appeal concluded defendant was found to be the actual killer. (*People v. Garcia* (Mar. 27, 2018, C077082) [nonpub. opn.] (*Garcia*).) In this appeal, defendant argued he could challenge the special circumstance finding through a section 1172.6 petition. In an unpublished opinion, we affirmed the trial court's order denying defendant's resentencing petition, concluding section 1172.6 was not the appropriate avenue to challenge a special circumstance finding. As a result, we held the jury's true finding on the special circumstance allegations remained valid, rendering defendant ineligible for resentencing under section 1172.6. (*People v. Garcia* (Mar. 29, 2022, C093543) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). By separate order, we vacated our decision.

In supplemental briefing after transfer, defendant argues the trial court erred in finding him (a) ineligible for relief, and (b) the actual killer. We find defendant is ineligible as a matter of law because the jury found he was the actual killer, a conclusion not impacted by *Strong*, and again affirm the trial court's denial of defendant's petition.

---

[2] Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

## BACKGROUND

During trial, witnesses testified to seeing four men get out of a car and walk towards an apartment, hearing a gunshot, and then seeing the men run back to the car and leave. Two accomplices testified defendant was the "group's ringleader" and that the group went to the apartment to rob the occupant, Donald Kirby. Defendant struggled with Kirby after he opened the door and the gun fired, striking Kirby in the head, killing him. (*Garcia, supra*, C077082.)[3]

On February 24, 2014, the jury found defendant and his codefendant Roman Hooker guilty of first degree murder and attempted second degree robbery, and found true the special circumstance the two defendants were engaged in the attempted commission of robbery during the murder. The jury found not true that defendant personally and intentionally discharged a firearm.

There were multiple instructions given for the special circumstance finding. Under CALCRIM No. 730, the jury had to find defendant and Hooker attempted to commit or aided a robbery and that "Defendant Elias Garcia did an act that caused the death of another person." CALCRIM No. 703 was also provided and stated: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of murder committed in the perpetration of attempted robbery, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life." If a defendant did not have the intent to

---

[3] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a), ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

3

kill, the defendant must have been "a major participant in the crime" who "acted with reckless indifference to human life."

Defendant was sentenced to life in prison without the possibility of parole. Defendant appealed and we affirmed his conviction and sentence. (*Garcia, supra*, C077082.) In responding to defendant's argument in his direct appeal that the trial court "erred by not instructing the jury sua sponte on the lesser included offenses of second degree murder, voluntary manslaughter, and involuntary manslaughter," (*id*. [at p. 36]), we found any error harmless, in part, because the jury must have found defendant shot Kirby but "did not shoot Kirby intentionally. Its findings on the firearm enhancements and the special circumstance show the jury determined [defendant] shot Kirby unintentionally." (*Id*. [at pp. 40].)

We also addressed Hooker's contention a jury question on the "firearms enhancements show it rejected the prosecution's theory that [defendant] shot Kirby, and showed the jury believed [another accomplice] shot Kirby." We disagreed because "[t]he prosecution's theory was that [defendant] and Hooker intended to, and attempted to rob Kirby, and that [defendant] shot Kirby as part of that attempt. As just discussed, the jury's finding that [defendant] unintentionally committed an act that caused Kirby's death shows the jury concluded [defendant] was the shooter. The only act [defendant] did that could cause death was fire his gun." (*Garcia, supra*, C077082 [at p. 41].) We determined this was also supported by the evidence because "[t]here is no evidence [another accomplice] shot Kirby or took any action that resulted in Kirby's death. The evidence shows only that [defendant] shot Kirby, and this act resulted in Kirby's death. And, again, the jury's finding that [defendant]'s act resulted in Kirby's death shows the jury concluded beyond a reasonable doubt that [defendant] unintentionally shot Kirby during an attempted robbery. These findings show the jury would not have returned a more favorable verdict had the court instructed it on second degree murder or voluntary manslaughter." (*Id*. [at p. 42].)

4

On January 4, 2019, defendant filed a petition for resentencing under section 1172.6 to vacate his murder conviction. Defendant alleged he was not the actual killer, did not act with the intent to kill, and was not a major participant who acted with reckless indifference to human life. He also declared he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of first degree murder because of changes made to sections 188 and 189. Defendant's counsel also filed a brief specifically addressing the jury's special circumstance finding.

On February 2, 2021, the trial court denied defendant's petition for two reasons: (1) the jury's special circumstance finding foreclosed relief as a matter of law under *People v. Gomez* (2020) 52 Cal.App.5th 1 and, (2) the record of conviction, including our prior opinion, established defendant was the actual killer.

Defendant timely appealed.

## DISCUSSION

On appeal from the denial of his 1172.6 petition, defendant argued the trial court erred because the jury's special circumstance finding cannot preclude eligibility for relief under section 1172.6 as a matter of law after the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. Defendant also contended the record of conviction did not conclusively establish he was the actual killer.

On transfer, defendant restates both arguments, adding to the first argument that the special circumstance finding is no longer valid after *Strong, supra*, 13 Cal.5th 698. He contends the second basis is invalid because it is based on erroneous dicta in our opinion in defendant's original direct appeal. Defendant argues the jury could have found he was not the actual killer under CALCRIM No. 703, and our prior opinion fails to consider this possibility. The People rely on the finding in our prior opinion, which

5

they say was supported by the jury instructions, verdicts, and the facts of the case. We find defendant is ineligible as a matter of law as the actual killer.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which provides "a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Under this procedure, a defendant files a petition for resentencing and trial courts first review the petition to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (a)-(c).) In deciding whether a prima facie case is made, a court may review the defendant's record of conviction "to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) If a prima facie case is made, the trial court issues an order to show cause and holds an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1172.6, subd. (d).)

In *Strong*, our Supreme Court concluded a defendant is not ineligible for relief as a matter of law for being found to be a major participant in a deadly felony who acted with reckless indifference to human life before *People v. Banks, supra*, 61 Cal.4th 788 and *People v. Clark, supra*, 63 Cal.4th 522. (*Strong, supra*, 13 Cal.5th at p. 710 ["We now conclude . . . [f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437"].) The

6

court invalidated *People v. Gomez, supra*, 52 Cal.App.5th 1, and other cases finding otherwise.  (*Strong*, at p. 718.)

The first basis of the trial court's decision was invalidated by *Strong*.  Though the jury must have found defendant was at a minimum a major participant who acted with reckless indifference to human life, this finding was before *Banks* and *Clark* and therefore cannot be the basis for finding him ineligible as a matter of law for his section 1172.6 petition.

But the trial court's second basis for finding defendant ineligible, that he was the actual killer, remains valid.  (*Strong, supra*, 13 Cal.5th at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was . . . the actual killer"].)  And this finding was properly made at the prima facie stage.

The trial court relied in part on our prior opinion to conclude defendant was the actual killer.  Trial courts are permitted to review the record of conviction at the prima facie stage and "[a]ppellate opinions . . . are generally considered to be part of the record of conviction." (*Lewis, supra*, 11 Cal.5th at p. 972.)  "[T]he probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Ibid.*)  Our opinion considered and resolved the same legal issue here:  Was the defendant the actual killer?  We reviewed the jury instructions and the verdicts, as well as the facts established and arguments made at trial.  From this, we determined that the jury found defendant unintentionally shot Kirby and also that there was no evidence anybody else did, thus, "the jury's finding that [defendant]'s act resulted in Kirby's death shows the jury concluded beyond a reasonable doubt that [defendant] unintentionally shot Kirby during an attempted robbery."  (*Garcia, supra*, C077082 [at p. 42].)  This is not a passing remark in the factual background, but a fully analyzed and resolved legal question.  (Cf. *People v. Langi* (2022) 73 Cal.App.5th 972 [finding appellate opinions may be considered, but that a statement in a prior opinion's factual background that the defendant punched the victim was insufficient to conclude as

7

a matter of law the defendant was convicted as the actual killer].)  Our conclusion in that opinion resolved the question now before us, that defendant was the actual killer.

Even if the trial court improperly relied on our prior opinion, as defendant argues, any error would be harmless.  Errors in the section 1172.6 petition process are not reversible unless the defendant can demonstrate there is a reasonable probability that in the absence of the error, they would have obtained a more favorable result.  (*Lewis, supra*, 11 Cal.5th at pp. 973-974.)

Our prior opinion is fully supported by the record of conviction.  The jury instructions on the special circumstance not only disclose that the jury found defendant was at minimum a major participant who acted with reckless indifference, but that the jury found he was the actual killer.  Defendant and Hooker were tried together, and so the jury was instructed on the special circumstance for both defendants.  Given that, the special circumstance instruction under CALCRIM No. 730 specifically listed defendant as the one who caused Kirby's death:  "Defendant Elias Garcia did an act that caused the death of another person."  This was because, as articulated in our prior opinion, the prosecution's theory was that defendant shot Kirby.  Thus, the jury necessarily determined defendant was the actual killer for the special circumstance finding for both defendant and Hooker.  This renders defendant ineligible for relief as a matter of law under section 1172.6.

Defendant contends this conclusion, and our prior opinion, is incorrect because the jury could have found defendant was not the actual killer and still found the special circumstance finding true under the CALCRIM No. 703 instruction.  He states, "[h]ad CALCRIM No. 730 been the only instruction given defining the robbery-murder special circumstance, the opinion's analysis would have been correct.  However, the superior court also gave the jury CALCRIM No. 703."  We disagree.  CALCRIM No. 703 is the instruction for section 190.2, subdivision (d), the additional intent requirement if the person was not the actual killer.  But it alone does not satisfy the special circumstance

8

requirement. "A trial court has a sua sponte duty to instruct the jury on the essential elements of a special circumstance allegation." (*People v. Mil* (2012) 53 Cal.4th 400, 409.) The CALCRIM No. 703 instruction did not have any of the other requirements for the special circumstance, such as the jury must find defendant was attempting to commit a robbery, and, importantly here, a defendant caused the death of another person. These are the requirements for section 190.2, subdivision (a)(17) that were supplied by the CALCRIM No. 730 instruction. The CALCRIM No. 703 instruction referred to the CALCRIM No. 730 instruction for this reason, stating "when you consider the special circumstance of murder committed *in the perpetration of attempted robbery*." (Italics added.) There was no definition for attempted robbery in the CALCRIM No. 703 instruction so this must have been referring to the CALCRIM No. 730 instruction.

Our Supreme Court has analyzed a similar issue with the prior versions of the same instructions in *People v. Pearson* (2012) 53 Cal.4th 306. Both instructions were provided to the jury and the defendant argued the instructions conflicted. The court agreed with the People that the instructions supplemented each other: "[T]he two instructions, read together, outline respectively the relationship of the murder to the predicate felony (CALJIC No. 8.81.17) and the mental state required for either an actual killer or an aider and abettor in the murder (CALJIC No. 8.80.1)." (*Id.* at p. 324.)

Instead of the jury being able to apply one or the other, it had to apply CALCRIM No. 730 and then apply CALCRIM No. 703 only if it thought the defendant was not the actual killer. Under the circumstances here that could only be Hooker because, again, the CALCRIM No. 730 instruction made clear only "Defendant Elias Garcia" was the defendant being alleged as the one that did the act causing death. Thus, the jury necessarily found defendant was the felony participant who was the actual killer, rendering him ineligible for relief as a matter of law and rendering harmless any procedural error under section 1172.6.

9

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


/s/
EARL, J.

We concur:


/s/
HULL, Acting P. J.


/s/
KRAUSE, J.